# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-10401
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jimmie Lee Walton,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-273-1

———————————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

A jury found Jimmie Lee Walton guilty of bank robbery, in violation of 18 U.S.C. § 2113(a).  The district court sentenced him to 84 months of imprisonment and three years of supervised release.  On appeal, he presents three arguments: (1) the magistrate judge erred when she granted his appointed counsel's motion to withdraw due to a conflict of interest; (2) the

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court erred when it gave an *Allen* charge instead of declaring a mistrial after the jury indicated that it was deadlocked; and (3) the district court erred when it denied his motion for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure because the evidence was legally insufficient to support his conviction.

Regarding Walton's first claim, the record reflects that Walton failed to appeal the magistrate judge's order granting appointed counsel's motion to withdraw to the district court. His failure to appeal the magistrate judge's ruling is fatal to his claim because it deprives this court of jurisdiction. *See United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980); *see also* Fed. R. Crim. P. 59(a). Because this court lacks jurisdiction to review the magistrate judge's order, the appeal is DISMISSED IN PART.

As for Walton's claim that the district court erred in its use of an *Allen* charge, we review for abuse of discretion. *See United States v. Andaverde-Tinoco*, 741 F.3d 509, 515 (5th Cir. 2013). The term "*Allen* charge," which is derived from *Allen v. United States*, 164 U.S. 492 (1896), generally refers to "'supplemental instructions urging a jury to forego their differences and come to a unanimous decision.'" *United States v. Eghobor*, 812 F.3d 352, 357 n.2 (5th Cir. 2015) (quoting *United States v. Bottom*, 638 F.2d 781, 786 n.4 (5th Cir. 1981)). "[T]he relevant inquiry on appeal is whether: (1) any semantic deviation from approved *Allen*-charge language was so prejudicial that it requires reversal and (2) the circumstances surrounding the use of the charge were coercive." *Andaverde-Tinoco*, 741 F.3d at 515.

In evaluating an *Allen* charge's coercive effect, this court considers the totality of the circumstances. *Id.* at 517. "Factors that weigh against finding coercion include where: (1) the time lapse between the charge and the jury's decision was not unduly short; (2) the charge was not given prematurely; and (3) the jurors were not required to deliberate for an unreasonable length of

time before the charge was given." *Eghobor*, 812 F.3d at 359 (internal quotation marks and citations omitted).

Here, the record reflects that any deviation was not so prejudicial to require reversal. Furthermore, the one-hour difference between the charge being given and the jury reaching its verdict was not unduly short, *see United States v. Clayton*, 172 F.3d 347, 351–52 (5th Cir. 1999), the charge was not prematurely given as the jury deliberated for approximately six hours, *see Andaverde-Tinoco*, 741 F.3d at 517–18, and the jurors were not required to deliberate for an unreasonable length of time before the charge was given, *see Eghobor*, 812 F.3d at 359. Given the totality of the circumstances, the district court did not abuse its discretion. *See Andaverde-Tinoco*, 741 F.3d at 517.

Lastly, we review Walton's insufficiency of the evidence argument de novo, although granting "substantial deference to the jury verdict." *United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018) (internal quotation marks and citation omitted). Under this rubric, "[i]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Cannon*, 750 F.3d 492, 506 (5th Cir. 2014) (internal quotation marks and citation omitted). Instead, viewing the evidence "in the light most favorable to the verdict, accepting all credibility choices and reasonable inferences made by the jury" which support the verdict, *United States v. Wise*, 221 F.3d 140, 147 (5th Cir. 2000), this court will affirm if "a reasonable trier of fact could conclude . . . the elements of the offense were established beyond a reasonable doubt," *Suarez*, 879 F.3d at 630 (internal quotation marks and citation omitted).

At Walton's trial, the Government presented (1) testimonial evidence from the robbed bank teller and her coworker, (2) testimonial evidence from a Dallas Police Department detective, and (3) surveillance footage from the

No. 23-10401

bank and surrounding businesses.  Given the "substantial deference" afforded to the jury's verdict, the evidence presented at trial supports the conclusion that a reasonable trier of fact could conclude the elements of the offense were established beyond a reasonable doubt.  *Id.* (internal quotation marks and citation omitted); *see United States v. Bowen*, 818 F.3d 179, 186 (5th Cir. 2016).  Thus, this argument does not merit reversal.

Accordingly, the judgment is AFFIRMED IN PART and DISMISSED IN PART.